UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MIDWEST MEDICAL AND
OCCUPATIONAL SERVICES,
S.C., Plaintiff,

Case No.:

JURY TRIAL DEMANDED

v.

SSM HEALTHCARE, owning and
Operating Good Samaritan
Hospital, and SSM HEALTH
EXPRESS CLINIC,
Defendants

## COMPLAINT

Midwest Medical and Occupational Services, S.C., for its Complaint against
SSM Healthcare, owning and operating Good Samaritan Hospital and Good
Samaritan Express Clinic, alleges:

### Parties

1. Plaintiff Midwest Medical and Occupational Services, S.C. is an Illinois
corporation having its principal place of business in Mt. Vernon, Illinois.

2. Defendant SSM Healthcare is a healthcare conglomerate with facilities in
Illinois, Missouri, Oklahoma, and Wisconsin.

3. On information and belief, defendant Good Samaritan Regional Health
Center is a Missouri corporation that operates Good Samaritan Hospital in
Mt. Vernon.

4. On information and belief, defendant SSM Health Express Clinic is an
Illinois corporation that operates a walk-in health services clinic in Mt.
Vernon.

### Jurisdiction and Venue

5. This action arises under the Lanham Act, 15 U.S.C. §1051 et seq., the
Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60, the
Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 505 et seq., and
Illinois common law.

6. This Court has subject matter jurisdiction over the federal claim per 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a)-(b). This Court has supplemental jurisdiction over the state-law claims per 28 U.S.C. §1367(a).

7. Venue in this judicial district is per 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events giving rise to the claims occurred in this district, and some of the defendants are located here. Defendants have caused and are causing injuries and damages within Illinois and this judicial district, by committing infringing acts within Illinois and this judicial district.

## Background Facts

8. Since the clinic opened its doors to patients on August 1, 2013, plaintiff has operated a walk-in healthcare services clinic at 1104 South 42nd Street in the City of Mt. Vernon, Illinois, under the name "Express Care of Mt. Vernon."

9. On September 8, 2014, plaintiff registered the name "Express Care of Mt. Vernon" as a Trademark/Service Mark with the Illinois Secretary of State, registration number 106994, noting, in its registration, first use of that mark on July 1, 2013.

10. Plaintiff has spent substantial resources advertising its brand name. Plaintiff advertises under the name "Express Care of Mt. Vernon" via mailings, telephone book yellow pages, the worldwide web, and with a sign located at its business premises at 1104 South 42nd Street in Mt. Vernon.

11. As a result of these efforts, and its steadfast attention to quality health care, Express Care has developed considerable local fame, patient recognition, and goodwill in the Mt. Vernon area.

12. On or about November 27, 2014, defendants opened, for business, "Good Samaritan Convenient Care," at 602 South 42nd Street in the City of Mt. Vernon. Like plaintiff's clinic, Express Care, Convenient Care was a walk-in healthcare services clinic. Defendants' Convenient Care was on the same street as Express Care, separated by a distance of about 4/10 of a mile, or about 2,000 feet.

13. In or about October 2016, defendants changed the name under which defendants operated their clinic, to "SSM Health Express Clinic." On or about that time, and continuing through the time of this complaint, defendants

adopted that name on the clinic's signage and advertising, including advertising via the worldwide web.

14. Since October, 2016, Express Care via its employees has received telephone calls, walk-in patients, and one telephone call from an SSM employee or agent, each time seeking Express Clinic. Plaintiff's employees believe that the callers and visitors were confused, and were attempting to call or visit Express Clinic.

15. The confusion to which the preceding paragraph refers is understandable and natural, when one considers that the two clinics are in the same business, are in the same town, on the same street, are about 2,000 feet apart, and share the single most-memorable word of their respective names.

16. Defendants continued to do business as Express Clinic even after being notified of its ongoing infringement of plaintiff's service name or mark. Plaintiff's counsel tried to resolve this matter, to no avail. Therefore, plaintiff had no choice but to file suit.

## Count I
### Violation of the Lanham Act - Trademark Infringement

17. Here, plaintiff incorporates paragraphs 1 through 16 above, by reference, as though fully set forth here.

18. Plaintiff has acquired common law rights in the Express Care name when used in connection with walk-in healthcare services in Mt. Vernon, Illinois.

19. Defendants' Express Clinic name so resembles Express Care as to be likely to cause confusion or mistake, or to deceive, in connection with walk-in healthcare services in Mt. Vernon.

20. For those reasons, healthcare consumers and employers likely will mistakenly believe that Express Clinic is Express Care, to the profit of Express Clinic and to the detriment of Express Care and the public.

21. Defendants' use of Express Clinic causes actual confusion among healthcare consumers and the public.

22. Defendants' use of Express Clinic constitutes infringement of plaintiff's trade name, in violation of the Lanham Act, 15 U.S.C. §1125(a), because it is likely to cause confusion, or mistake, or to deceive as to the affiliation,

connection, or association of Express Clinic with Express Care, or as to the origin, sponsorship or approval of Express Clinic with or by Express Care.

23. Defendants' actions were willful, deliberate, and done with knowledge of plaintiff's rights, making this an exceptional case under the Lanham Act, within the meaning of 15 U.S.C. §1117.

24. Plaintiff has no adequate remedy at law. Defendants' actions caused plaintiff damage and injury, and unjustly enriched defendants. Unless enjoined by this Court, defendants will continue to do the acts complained of, and will cause damage and injury, all to plaintiff's continuing irreparable harm and to defendants' unjust enrichment.

## Count II
### Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60

25. Here, plaintiff incorporates paragraphs 17 through 24 above, by reference, as though fully set forth here.

26. Defendants' use of the name Express Clinic in Mt. Vernon with respect to providing walk-in healthcare services violates section 60(a) of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60(a), because it is likely to cause confusion or mistake or to deceive as to the source or origin of such services.

27. Defendants' violation of that statute was with knowledge or in bad faith, per section 70 the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/70.

28. The Court should enter judgment for an amount not to exceed 3 times the profits of defendants and the damages of plaintiff, including attorney fees, per section 70 the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/70.

## Count III
### Illinois Uniform Deceptive Trade Practices Act - 815 ILCS 510/1 et seq.

29. Here, plaintiff incorporates paragraphs 25 through 28 above, by reference, as though fully set forth here.

30. Since 2013, plaintiff has provided health care services in Jefferson County, Illinois under the "Express Care" mark. Patients and employers associate "Express Care" with Mt. Vernon Express Care.

31. After plaintiff began marketing its clinic as Express Care, defendants began marketing their nearby clinic as Express Clinic.

32. With full knowledge of plaintiff's superior rights to "Express Care," defendants used a confusingly similar name in connection with the same or similar services with the deliberate purpose of obtaining the benefit of the goodwill and reputation of Express Care.

33. Defendants' acts cause likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification of services, affiliation, connection, or association of Express Clinic between, with, or by Express Care, by the public as to the identity of the clinic that they contact.

34. Defendants' actions violate section 2(a) of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a), because they create a likelihood of confusion and misunderstanding, and therefore constitute unfair competition and deceptive trade practices under that Act.

35. Defendants willfully engaged in that deceptive trade practice.

36. Plaintiff has no adequate remedy at law. Defendants' actions have caused plaintiff damage and injury, and unjustly enriched defendants. Unless enjoined by this Court, defendants will continue to act as complained of, and cause damage and injury, all to plaintiff's irreparable harm, and to unjustly enrich defendants.

### Count IV
### Violation of Illinois Common Law

37. Here, plaintiff incorporates paragraphs 29 through 36 above, by reference, as though fully set forth here.

38. Since 2013, Mt. Vernon Express Care has provided health care services in Jefferson County, Illinois as Express Care. Patients and employers associate "Express Care" with Mt. Vernon Express Care. The Express Care name is distinctive and denotes plaintiff as the origin of the services rendered under that name. Patients and employers associate "Express Care" with plaintiff's clinic.

39. After Express Care began providing health care under the Express Care name, defendants began advertising health care services under the name Express Clinic.

40. Defendants' use of the Express Clinic name infringes plaintiff's common law rights in the Express Care name.

41. Defendants' acts constitute trade name infringement and unfair competition in violation of Illinois common law, as defendants have used in commerce words and names that are likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Express Clinic with Express Care.

42. Plaintiff has no adequate remedy at law. Defendants' actions have caused plaintiff damage and injury, and unjustly enriched defendants. Unless enjoined by this Court, defendants will continue to act as complained of, and cause damage and injury, all to plaintiff's irreparable harm, and to unjustly enrich defendants.

### Prayer for Relief

Plaintiff respectfully requests that the Court find that:

A. Defendants infringed the Express Care trade name, in violation of 15 U.S.C. §1125(a);

B. Defendants engaged in unfair trade practices in violation of 815 ILCS 510/2(a);

C. Defendants violated the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/70;

D. Defendants committed trade name infringement and unfair competition under Illinois common law;

D. Such infringement was and is willful; and

E. Such infringement was with knowledge and in bad faith.

Plaintiff respectfully requests that the Court enter judgment for plaintiff and against defendants, granting the following relief:

A. Award to plaintiff the full measure of damages that the Lanham Act, 15 U.S.C. §1117, allows, including reasonable attorney fees because this is an exceptional case;

B. Award to plaintiff the full measure of damages that section 70 of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/70, allows, including attorney fees, because defendant

violation of that statute was and is with knowledge or in bad faith;

C. Award to plaintiff the full measure of damages that section 3 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3, allows, including attorney fees because defendants willfully engaged in a deceptive trade practice.

D. Award to plaintiff any damages, compensation, costs, attorney fees, or other award permitted by Illinois common law.

E. Enjoin defendants and their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of the injunction from:

> i. using the name Express Clinic or any other name that includes the word Express or any other confusingly similar name in connection with its business that misleads or confuses anyone as to the identity of the business;

> ii. otherwise infringing or diluting the Express Care name, or otherwise competing unfairly with Express Care; and

> iii. causing confusion or misunderstanding as to its identity, or otherwise passing off its clinic as Express Care.

F. Order defendants to file with the Court, and serve on plaintiff, within 30 days after the Court enters the injunction, a report in writing, under oath, setting forth in detail how it has complied with the injunction;

G. Award plaintiff pre-judgment and post-judgment interest; and

H. Such other relief as the Court deems just.

## Jury Demand

Midwest Medical and Occupational Services demands a jury trial on all matters and issues properly tried to a jury per Federal Rules of Civil Procedure 38 and 39, and other applicable federal and state law.

Page 7 of 8

Dated: April 13, 2017

By: /s/ Curtis L. Blood
Post Office Box 486
Collinsville Illinois 62234-0486
(618) 345-4400
Fax: (312) 261-9907
bloodlawoffice@yahoo.com

Attorney for Plaintiff, Midwest Medical and Occupational Services