IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MIDWEST MEDICAL AND )
OCCUPATIONAL SERVICES SC, )
 )
    Plaintiff, )
 )
    v. )    Case No. 3:17-cv-388-RJD
 )
SSM HEALTH CARE CORPORATION, )
d/b/a SSM HEALTH and PHYSICIAN )
SERVICES CORPORATION OF )
SOUTHERN ILLINOIS, INC., d/b/a SSM )
HEALTH EXPRESS CLINIC, )
 )
    Defendants. )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Alter Judgment (F.R.Civ.P. 59(e)) (Doc. 46). For the reasons set forth below, the Motion is **DENIED**.

## Procedural Background

Plaintiff Midwest Medical and Occupational Services, S.C. ("Midwest Medical"), filed this action on April 13, 2017, alleging violations of the Lanham Act, the Illinois Trademark Registration and Protection Act, the Illinois Uniform Deceptive Trade Practices Act, and Illinois common law against SSM Health Care Corporation, doing business as SSM Health, and Physician Services Corporation of Southern Illinois, Inc., doing business as SSM Health Express Clinic (collectively, "Defendants") (*see* Doc. 1).

The undersigned granted Defendants' motion for summary judgment on December 10, 2018 (Doc. 44). In the Order granting summary judgment, the undersigned found that Plaintiff does not possess enforceable trademark rights in "Express Care of Mt. Vernon" as it is a descriptive

phrase that has not acquired secondary meaning. The undersigned further found that Defendants were entitled to a fair use defense. Plaintiff asks the Court to reconsider its ruling under Federal Rule of Civil Procedure 59(e). In its motion, Plaintiff sets forth the following arguments: (1) there is no authority providing for summary judgment when there is substantial evidence of actual confusion; (2) the Seventh Circuit has held that a defendant's use of its own trademark in advertisements does not preclude a finding that those advertisements also used another entity's trademark; and (3) this Court disregarded the inference to which Plaintiff is entitled regarding Defendants' intent.

## **Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* at 813 (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.* Rule 59 should not be used to advance arguments or theories that could have been made prior to the district court rendering a judgment. *Id.* Nor should it be used to reassert previously rejected arguments. *See Vesely v. Armlist L.L.C.*, 762 F.3d 661, 666 (7th Cir. 2014). Motions pursuant to Rule 59(e) should only be granted in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## **Discussion**

First, Plaintiff posits that substantial evidence of actual confusion in this case makes it unique and there is no Seventh Circuit authority that substantial evidence of actual confusion

cannot prove acquired secondary meaning.  Plaintiff asserts that the Court erred in relying on the majority opinion in *Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722 (7th Cir. 1998), as there was only de minimis evidence of actual confusion in *Platinum*.  The Court disagrees.  As set forth in the Court's Order on summary judgment, the Court finds that evidence of actual consumer confusion is not a factor that may properly be considered in analyzing whether a mark has acquired secondary meaning.  Indeed, in *Platinum*, the Seventh Circuit remarked that "consumer confusion does not exist within the scope of an infringement claim when the mark is not entitled to trademark protection."  149 F.3d at 729.  Notably, the Court did not differentiate "de minimis" or "substantial" evidence of consumer confusion in setting forth its proclamation.  Further, in her dissent, Judge Wood recognized that the majority "refused to consider Platinum Mortgage's evidence of actual confusion, believing this irrelevant to the existence of a protectable trademark."  *Id.* at 733.  This Court shall follow the majority in *Platinum* and in so doing, finds that Plaintiff did not have a protected trademark.

The Court also rejects Plaintiff's arguments concerning its previous finding that Defendants are entitled to the fair use defense.  Plaintiff does not articulate any manifest error of law or fact, but again, merely takes issue with the Court's previous ruling.  In particular, Plaintiff asserts the Court erred in finding that Defendants' use of the phrase "express clinic" was not used as a trademark.  Plaintiff asserts that "it seems unlikely that the Seventh Circuit would invoke the fair use defense in the face of substantial evidence of actual confusion."  Plaintiff provides no authority for this position.  The Court finds no basis to reconsider its conclusion that Defendants' use of the phrase "Express Clinic" was "otherwise than as a trademark."  The Court reiterates that Defendants' use of "Express Clinic" does not identify the particular source of the product in light of the record in this case and relevant case law.

Finally, Plaintiff contends the Court erred in finding that Defendants used the phrase "Express Clinic" in good faith. Plaintiff asserts there was evidence in the record, mainly Glarner and Long's testimony, that rebut Defendants' claim that the naming decision was related solely to "reaching consistency in their naming conventions." Plaintiff asserts it is entitled to the inference the competition with Plaintiff motivated Defendants' choice of the new name. Again, the Court disagrees. The fact that Defendants were aware of Plaintiff's mark is insufficient to establish that Defendants acted in bad faith. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 642 (7th Cir. 2001). The evidence that Plaintiff cites does no more than indicate knowledge of the mark on behalf of Defendants and does not create a reasonable inference that Defendants were motivated by competition with Plaintiff in using the phrase "Express Clinic."

For the above-mentioned reasons, Plaintiff's Motion to Alter Judgment (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 25, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**